http://www.va.gov/vetapp16/Files4/1630509.txt

Citation Nr: 1630509 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 08-07 349 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama

THE ISSUES

1. Entitlement to service connection for depressive disorder.

2. Entitlement to a total disability evaluation based on individual unemployability due to service-connected spinal disability (TDIU).

3. Entitlement to an effective date earlier than December 1, 2006 for the grant of service connection for gastroesophageal reflux disease (GERD)/gastritis.

REPRESENTATION

Veteran represented by: The American Legion

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

A. Purcell, Associate Counsel

INTRODUCTION

The Veteran served on active duty from June 1964 to May 1967. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from January 2007 and October 2010 rating decisions of a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran testified in a Board videoconference hearing before the undersigned Veterans Law Judge in June 2011, regarding the issues on appeal at that time. A transcript is associated with the claims file.

In his May 2011 substantive appeal of his claim for service connection for depressive disorder, the Veteran requested a Travel Board hearing. The Veteran withdrew his hearing request in February 2015 and October 2015 correspondence. The Veteran's hearing request is therefore deemed withdrawn. 38 C.F.R. § 20.704(e) (2015). The Board notes that the Veteran's claim for service connection for depressive disorder has not been certified, but appeal of that issue was perfected and is therefore properly before the Board.

In September 2011, the Board remanded this appeal, to include a claim for service connection for a stomach disorder, for further evidentiary development. In a rating decision dated August 2012, the RO granted a claim of entitlement to service connection for gastroesophageal reflux disease (GERD) and gastritis, and assigned an effective date of award and initial rating. Although that adjudication was a full grant of benefits in regard to the claim for a stomach disorder, the Veteran subsequently submitted a notice of disagreement with the assigned effective date. As the RO/AMC had not yet issued a Statement of the Case (SOC) on this issue as required by law, Manlincon v. West, 12 Vet. App. 238 (1999), the Board remanded the issue in September 2013 for such action along with a remand of the Veteran's claim for a TDIU for further development. These issues are again before the Board, along with the Veteran's claim for service connection for depression.

The issues of entitlement to a TDIU and to an earlier effective date for the grant of service connection for GERD/gastritis are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDING OF FACT

Resolving reasonable doubt in favor of the Veteran, the Veteran's diagnosed depressive disorder began in service.

CONCLUSION OF LAW

The criteria for service connection for depressive disorder are met. 38 U.S.C.A. §§ 1110, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran seeks to establish his entitlement to service connection for depressive disorder.

Generally, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).
 
When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Here, resolving all reasonable doubt in the Veteran's favor, the Veteran has met the criteria to establish service connection for depressive disorder. The Veteran has established a current diagnosis of depressive disorder. See September 2010 VA Examination Report. At the September 2010 VA examination, the Veteran reported violence and racial tension during his service in Germany. The Veteran's DD-214 and service treatment records confirm his service in Germany. The Veteran's VA treatment records show that the Veteran raised these incidents in explaining the history of his depressive symptoms. See, e.g., June 2012, April 2013, October 2014, and June 2015 VA Treatment Records. 

The September 2010 VA examiner noted that the Veteran's focus has consistently remained on these in-service incidents throughout his mental health treatment. The examiner opined that the Veteran's depressive disorder likely began in service. The examiner explained that this opinion was based on examination of the Veteran, the Veteran's statements, and review of the record. The Board notes that the examiner's opinion is in accord with the other evidence in the Veteran's claims file.

Viewing the evidence as a whole, and resolving all reasonable doubt in favor of the Veteran, the Board finds that the Veteran has a current diagnosis of depressive disorder that began in service. As such, service connection is warranted.

ORDER

Service connection for depressive disorder is granted.

REMAND

The Board's review of the claims file reveals that further RO action in regard to the Veteran's claims for entitlement to a TDIU and for an earlier effective date for the grant of service connection for GERD and gastritis, is warranted.

In the September 2013 remand, the Board noted that the Veteran submitted a June 2013 notice of disagreement as to the effective date assigned for GERD/gastritis in an August 2012 rating action. Accordingly, the September 2013 remand instructed that the RO issue an SOC per Manlincon v. West, 12 Vet. App. 238, 240-41 (1999). As the Veteran's claims file still does not reflect an SOC on this issue, remand is appropriate in order for the RO to comply with the September 2013 remand and issue an SOC. The Board emphasizes, however, that to obtain appellate review of any issue not currently in appellate status, a perfected appeal must be filed. See 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 20.200, 20.201, 20.202 (2015).

The September 2013 remand also noted that the matter of entitlement to a TDIU was raised in the context of the Veteran's claim for a higher rating for his spine disability as the Veteran reported that he was only able to work approximately one to two hours a day- i.e. marginal employment. The September 2013 remand instructed the RO to provide the Veteran an opportunity to file a formal claim for a TDIU, to further develop the record, and then fully adjudicate the matter - to include, if appropriate, referral of the Veteran's claim to the Director of Compensation and Pension - in the first instance, to avoid any prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993). The Veteran filed a formal claim for a TDIU but the RO has not yet adjudicated the issue. 

Because the instructions of the September 2013 remand were not complied with, this appeal must be remanded for development and adjudicatory action. See Stegall v. West, 11 Vet. App. 268 (1998) (a remand by the Board confers on the appellant, as a matter of law, the right to compliance with remand orders). 

While this matter is on remand, updated VA treatment records along with any relevant private treatment records should be obtained.

Accordingly, the case is REMANDED for the following action:

1. The RO must furnish to the Veteran and his representative an SOC on the issue of his entitlement to an effective date prior to December 1, 2006 for the grants of service connection for GERD/gastritis. The SOC should be accompanied by a VA Form 9, and the Veteran and his representative must be afforded the appropriate opportunity to file a substantive appeal to perfect an appeal on this issue.

The Veteran and his representative are hereby reminded that to obtain appellate review of either of these claims, a timely appeal must be perfected within 60 days of the issuance of an SOC.

2. Gather any outstanding VA treatment records, to include those dated after August 2015, and associate them with the claims file. Additionally, obtain private records from the Oxford Medical Clinic since 2002. 

3. Afford the Veteran an additional opportunity to submit any information that is not evidenced by the current record. Provide him with forms authorizing the release of any identified outstanding private treatment records. Make at least two (2) attempts to obtain records from any identified source. Any available records must be associated with the claims file. If any records are not available, inform the Veteran and request that he submit any copies in his possession.

4. Concurrent with the above, notify the Veteran of the potential relevance of employment records - particularly, but not limited to, such records from Dollar General - on his claim for a TDIU. Assist him in obtaining any identified records, as needed.

5. After completing the requested action, and any additional notification and/or development deemed warranted, adjudicate the claim for an earlier effective date for GERD/gastritis if that appeal has been perfected. Also adjudicate the claim for a TDIU in light of all pertinent evidence and legal authority, to include, if appropriate, the procedures of 38 C.F.R. § 4.16(b) pertaining to extra -schedular TDIUs.

6. If the benefits sought on appeal remain denied, the RO must furnish to the Veteran and his representative an appropriate supplemental SOC that includes citation to, and discussion of, all additional legal authority considered, along with clear reasons and bases for all determinations, and afford them the appropriate time period for response before the claims file is returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs